IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 1 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| DEKENYA NELSON, PRO SE, <br> TDCJ-CID #687262, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | 2:07-CV-0225 |
| LANCE POLLEY, | § <br> § <br> § | |
| Defendant. | § | |

## MEMORANDUM OPINION, ORDER OF DISMISSAL,
## AND SANCTION WARNING

Plaintiff DEKENYA NELSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-named defendant. Plaintiff has not paid the filing fee and has not submitted a declaration in support of application to proceed in forma pauperis with a six-month history of his inmate trust account. Given that plaintiff has accumulated multiple "strikes" under the Prison Litigation Reform Act and has been informed on numerous occasions that he is barred from proceed in forma pauperis unless his claims fit a narrow exception to the bar, it appears plaintiff knows he will not be granted pauper status and the instant cause will be dismissed. Plaintiff's complaint in this cause, that the defendant "made no attempt [to resolve a property dispute] in a professional manner," does not bring this suit within the exception to the bar against a grant of pauper status. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Further, in cause no. 1:07-CV-0079 filed in the United States District Court for the Northern District of Texas, Abilene Division, plaintiff was assessed a monetary sanction of

$100.00 for filing that lawsuit two months after having been admonished against filing further new civil actions without paying the filing fee or showing that he was under imminent danger of serious physical injury. The Court assessed a monetary sanction of $100.00 for plaintiff's malicious and abusive filings in the federal courts and prohibited him from filing any new complaints until the sanction had been paid in full.

Inquiry by the Clerk reveals plaintiff has paid no portion of that monetary sanction.

### CONCLUSION AND SANCTION WARNING

For the reasons set forth above, the instant cause is DISMISSED WITHOUT PREJUDICE TO REFILING AFTER SATISFACTION OF ALL MONETARY SANCTIONS PREVIOUSLY ASSESSED AGAINST HIM AND WITH PREPAYMENT OF THE FILING FEE.

PLAINTIFF IS WARNED THAT ANY ATTEMPT IN THE FUTURE TO FILE A NEW CIVIL ACTION WITHOUT HAVING SATISFIED ALL PREVIOUS MONETARY SANCTIONS AND PAYING THE FILING FEE OR SHOWING THAT HE WAS UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY WILL RESULT IN THE IMPOSITION OF ADDITIONAL SANCTIONS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this _____ day of October, 2007.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

2